UNITED STATES DISTRICT COURT **02 - 21422**
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 02-       **CIV-KING**

JANE DOE,                                    MAGISTRATE JUDGE
                                                O'SULLIVAN
        Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, a governmental agency
operating in Miami-Dade County, Florida,
ADAM NEHME, ALEJANDRO PACHECO
and ROBERT DIAZ,

                                                **NIGHT BOX**
        Defendants.                                **FILED**
                                      /
                                                **MAY 0 9 2002**

**NOTICE OF REMOVAL**
                                                CLARENCE MADDOX
                                                CLERK, USDC / SDFL / MIA
        COME NOW the Defendants, THE SCHOOL BOARD OF MIAMI-DADE COUNTY,

FLORIDA, ADAM NEHME and ALEJANDRO PACHECO, by and through their undersigned

attorneys, and pursuant to 28 U.S.C. §§1331, 1441 and 1446, file this Notice of Removal

to the United States District Court for the Southern District of Florida, Miami Division, from

the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida,

where the action is currently pending, and states:

        1.      The Plaintiff filed this action on April 22, 2002, in the Circuit Court of the

Eleventh Judicial Circuit in and for Miami-Dade County Florida, Case No. 02-10411-CA-30.

        2.      The SCHOOL BOARD's first notice of this action was on April 23, 2002, when

it was served with a copy of the Complaint.

        3.      ADAM NEHME's first notice of this action was on April 24, 2002, when he



was served with a copy of the Complaint.

4.      ALEJANDRO PACHECO's first notice of this action was on or about May 4, 2002,  when he was served with a copy of the Complaint.

5.      Upon information and belief, the remaining Defendant, ROBERT DIAZ, has not been served with a copy of the complaint as of this date.

6.      Among other things, the Complaint alleges a cause of action against all defendants under 42 U.S.C. §1983 for a violation of the plaintiff's Fourteenth Amendment rights under the United States Constitution.

7.      Accordingly, this Court has jurisdiction of this action pursuant to 28 U.S.C. §1331, which  provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.      Given that this Court has original jurisdiction of this action, removal of the action from state court is proper pursuant to 28 U.S.C. §1441(a), which, in pertinent part, provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Further, this Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1441(c).

9.      Pursuant to 28 U.S.C. §1441(b), removal is proper in this case without regard to the citizenship or residence of the parties.

10.     This Notice of Removal is filed within thirty (30) days after receipt by the SCHOOL BOARD, ADAM NEHME and ALEJANDRO PACHECO, through service or otherwise, of a copy of the subject Complaint. 28 U.S.C. §1446(b).

2

11.    Additionally, in accordance with 28 U.S.C. §1446(d), the SCHOOL BOARD, ADAM NEHME, and ALEJANDRO PACHECO are giving written notice of the Notice of Removal to all adverse parties and the clerk of State court.

12.    Finally, in accordance with 28 U.S.C. §1446(a), attached hereto is a copy of all process, pleadings, and orders served upon the SCHOOL BOARD, ADAM NEHME, and ALEJANDRO PACHECO  in this action.

WHEREFORE,  the  Defendants,  THE  SCHOOL  BOARD  OF  MIAMI-DADE COUNTY, FLORIDA, ADAM NEHME, and ALEJANDRO PACHECO, respectfully request that this action proceed in this Court as an action properly removed to it.

PYSZKA, BLACKMON, LEVY, MOWERS & KELLEY
Attorneys for School Board
14750 N.W. 77th Court
Suite 300
Miami Lakes, FL 33016
Telephone:    (305) 512-3737
Facsimile:    (305) 512-1253

LAW  OFFICE  OF  BRIAN  R.  HERSH
Attorneys for Nehme
19 West Flagler Street
Suite 602, Biscayne Building
Miami, Florida 33130
Telephone:    (305) 371-6294
Facsimile:    (305) 371-2413

By: _____
JEFFREY A. MOWERS
Florida Bar No. 508240

By: _____
BRIAN R. HERSH
Florida Bar No. 104540

LAW OFFICES OF JEFFREY E. FEILER
Attorneys for Pacheco
7685 S.W. 104th Street
Suite 200
Miami, Florida  33156
Telephone:(305) 670-7700
Facsimile: (305)  669-8198

By: _____
JEFFREY E. FEILER
Florida Bar No. 347604

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: **Jonathan D. Wald, Esquire,** Attorneys for Plaintiff, Goldfarb, Gold, Gonzalez & Wald, 3900 Bank of America Tower, 100 S.E. Second Street, Miami, Florida 33131, **Brian R. Hersh, Esquire,** Attorneys for Nehme, 19 West Flagler Street, Suite 602, Biscayne Building, Miami, Florida 33130, **Jeffrey E. Feiler, Esquire**, Attorneys for Pacheco, 7685 S.W. 104th Street, Suite 200, Miami, Florida 33156, by mail on May 9, 2002.

PYSZKA, BLACKMON, LEVY, MOWERS & KELLEY
Attorneys for Defendants
14750 N.W. 77th Court
Suite 300
Miami Lakes, FL 33016
Telephone:   (305) 512-3737
Facsimile:    (305) 512-1253

By: _____
JEFFREY A. MOWERS
Florida Bar No. 508240

H:\LIB\DOCS\116522\C48573.WPD

4

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

02-10411 CA 30

JANE DOE,

Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, a governmental agency
operating in Miami-Dade County, Florida,
ADAM NEHME, ALEJANDRO PACHECO
and ROBERT DIAZ,

Defendants.

CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories and
Request for Production attached in this action on the Defendant:

**THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA**
**By Serving:**
**MERRITT STIERHEIM, Superintendent**
**1450 NE Second Avenue**
**Miami, Florida 33132**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, whose
address is: JONATHAN D. WALD, ESQ., *Goldfarb, Gold, Gonzalez & Wald, P.A.*, 100 S.E. 2nd
St., Bank of America Tower - Suite #3900, Miami, FL 33130 (Tel: 305-371-3111/Fax: 305-577-
8375).
within twenty (20) days after service of this summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the Complaint.

Clerk of the Courts,

APR 22

CALEBRA SUTTON
By_____
Deputy Clerk

**(SEE REVERSE SIDE)**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:     02-10411  CA 80

JANE DOE,

        Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, a governmental agency
operating in Miami-Dade County, Florida, ADAM
NEHME, ALEJANDRO PACHECO and
ROBERT DIAZ,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANE DOE, by and through undersigned counsel, sues Defendants, THE SCHOOL

BOARD OF MIAMI-DADE COUNTY, FLORIDA ("DADE COUNTY SCHOOL BOARD"),

ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, and alleges:

### JURISDICTION

1.    This is an action for damages in an amount far in excess of this Court's minimum

jurisdictional limits, to wit: Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth

Amendment to the United States Constitution.

3.    Jurisdiction is founded on 28 U.S.C. §§1331 and 1343, 42 U.S.C. § 1983, and the

aforementioned constitutional provision.

Page -1-

## PARTIES

4. At all material times, Plaintiff, JANE DOE, was a resident of Miami-Dade County, Florida and otherwise *sui juris*.

5. At all material times, Defendant, DADE COUNTY SCHOOL BOARD, was and is a governmental agency operating in Miami-Dade County, Florida that employed Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, as teachers. Defendant, DADE COUNTY SCHOOL BOARD, is a person within the meaning of 42 U.S.C. §1983.

6. At all material times, Defendant, ADAM NEHME, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his employment under color of state law. He is being sued individually and in his official capacity.

7. At all material times, Defendant, ALEJANDRO PACHECO, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his employment under color of state law. He is being sued individually and in his official capacity.

8. At all material times, Defendant, ROBERT DIAZ, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his

Page -2-

employment under color of state law. He is being sued individually and in his official capacity.

9. At all material times, Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, were acting under color of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the United States, the State of Florida and Miami Dade County pursuant to their authority as employees of Defendant, DADE COUNTY SCHOOL BOARD.

### FACTS COMMON TO ALL COUNTS

10. In or about 1984, Defendant, ROBERT DIAZ, commenced work for Defendant, DADE COUNTY SCHOOL BOARD.

11. In or about 1987, Defendant, ADAM NEHME, commenced work for Defendant, DADE COUNTY SCHOOL BOARD.

12. In or about 1992, Defendant, ALEJANDRO PACHECO, commenced work for Defendant, DADE COUNTY SCHOOL BOARD.

13. During the 2000-2001 academic year, Defendants, ROBERT DIAZ, ADAM NEHME and ALEJANDRO PACHECO, worked at Miami Springs Senior High School.

14. During the 2000-2001 academic year, JANE DOE was enrolled as a student at Miami Springs Senior High School.

15. In the fall of 2000, Defendant, ROBERT DIAZ, abused his position of power as JANE DOE's teacher/administrator by directing a series of inappropriate, sexually suggestive remarks toward her.

16. On or about November 27, 2000, Defendants, ADAM NEHME and ALEJANDRO PACHECO, abused their power and authority as JANE DOE's teacher by luring JANE DOE into a classroom and simultaneously engaging in various sexual acts with JANE DOE. This illicit sexual

Page -3-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

behavior took place on school grounds during school hours.

17. As a result of the harmful psychological effects of Defendants' conduct, JANE DOE dropped out of school at Miami Springs Senior High School.

## COUNT I AS TO ALL DEFENDANTS - VIOLATION OF 42 U.S.C. § 1983

Plaintiff adopts and re-alleges paragraphs 1-17 as if specifically set forth herein and further alleges:

18. Acting under color of state law, and under their authority as JANE DOE's teacher, Defendants, ADAM NEHME and ALEJANDRO PACHECO, used physical force, threats of reprisal, intimidation and physical and psychological coercion to force JANE DOE to engage in various sexual acts with them. At the time of this extremely harmful sexual contact, JANE DOE was a minor.

19. Acting under color of state law, and under his authority as JANE DOE's teacher, Defendant, ROBERT DIAZ, repeatedly directed psychologically damaging, sexually charged remarks toward JANE DOE. At the time of this extremely harmful sexual harassment, JANE DOE was a minor.

20. The actions of Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, as set forth herein, deprived JANE DOE of the rights, privileges and immunities guaranteed to her by the Constitution of the United States and protected by 42 U.S.C. §1983, including but not limited to, the following:

        (a)     The substantive due process right to be free from sexual abuse and violations of her bodily integrity protected by the 14th Amendment to the United States Constitution.

        (b)     The substantive due process right to be free from invasions of her

Page -4-

personal security through sexual and physical abuse by school teachers protected by the 14th Amendment to the United States Constitution.

(c) The right and privilege not to be deprived of her life and liberty without due process and equal protection of the law.

21. At all material times, Defendant, DADE COUNTY SCHOOL BOARD, permitted, encouraged, tolerated and ratified a pattern and practice of sexual harassment and abuse of students by teachers in that:

(a) DADE COUNTY SCHOOL BOARD failed to adopt and implement any or adequate policies and procedures prohibiting sexual harassment and abuse of students by teachers or to promulgate and enforce corrective disciplinary procedures and regulations in instances of known or suspected sexual harassment and abuse of students by teachers;

(b) DADE COUNTY SCHOOL BOARD failed to discipline or prosecute or in any manner deal with known incidents of sexual harassment and abuse of students by teachers;

(c) DADE COUNTY SCHOOL BOARD refused to investigate complaints or allegations of previous incidents of sexual harassment and abuse of students by teachers;

(d) By means of both inaction and a cover-up of previous incidents of sexual harassment and abuse of students by teachers, DADE COUNTY SCHOOL BOARD encouraged teachers employed by them, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, to believe that sexual relationships between teachers and students would be tolerated.

22. Defendant, DADE COUNTY SCHOOL BOARD, has maintained an inadequate system of review of allegations of sexual harassment and abuse of students by teachers, which system has failed to identify instances of sexual harassment and abuse of students by teachers or to discipline, supervise or terminate teachers who in fact sexually harass and abuse students.

Page -5-

23. On information and belief, the systematic deficiencies include, but are not limited to:

    (a)    Failure and/or refusal to prepare investigative reports involving allegations of sexual harassment and abuse of students by teachers;

    (b)    Issuance of statements designed to discourage or intimidate students and/or their parents from pursuing complaints of sexual harassment and abuse against teachers;

    (c)    Preparation of investigative reports designed to vindicate teachers in instances of alleged sexual harassment and abuse of students;

    (d)    Preparation of investigative reports which uncritically rely solely on the word of teachers alleged to have sexually harassed and abused students and which systematically fail to credit testimony of students and other non-faculty witnesses;

    (e)    Preparation of investigative reports which omit factual information which contradicts the accounts of teachers alleged to have sexually harassed or abused students;

    (f)    Failure to review investigative reports by responsible supervisory officials for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts the evidence.

24. Defendant, DADE COUNTY SCHOOL BOARD, also maintains a system of grossly inadequate training pertaining to the law of sexual harassment and abuse of students by teachers.

25. The foregoing acts, omissions and systematic deficiencies are policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, manifesting deliberate indifference to incidents of known and/or suspected sexual abuse of students by teachers and to violation of JANE DOE's constitutional rights by Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ. Said policies and customs encouraged a climate to flourish in which young girls were victimized and where Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT

Page -6-

DIAZ, could prey on young girls with impunity.

26. As a direct and proximate result of the aforesaid acts, omissions, systematic deficiencies, policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, Plaintiff, JANE DOE, suffered repeated and extremely harmful acts of sexual abuse against her by Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

27. The aforementioned acts, omissions, systematic deficiencies, policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, acting under color of state law, directly and proximately resulted in the deprivation of rights secured to Plaintiff, JANE DOE, under the Constitution of the United States.

28. As a further direct and proximate result of the civil rights violations alleged in his Complaint, Plaintiff, JANE DOE, suffered permanent bodily and psychological injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANE DOE, demands judgment for compensatory damages against Defendants, DADE COUNTY SCHOOL BOARD, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, together with reasonable attorney's fees and costs as provided in 42 U.S.C. § 1988, pre-judgment and post-judgment interest, and such further, necessary and proper relief that the Court deems appropriate. Plaintiff further demands a trial by jury of all issues triable as a matter of right by jury.

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

## COUNT II AGAINST DEFENDANT, DADE COUNTY SCHOOL BOARD: STATE LAW NEGLIGENCE CLAIM

Plaintiff adopts and re-alleges paragraphs 1-17 as if specifically set forth herein and further alleges:

29. Plaintiff, JANE DOE, has complied with the notice requirement of Florida Statutes §768.28 and all other conditions precedent to this action have been met or otherwise waived.

30. At all material times, Defendant, DADE COUNTY SCHOOL BOARD, owed a duty to the students enrolled in the Miami-Dade County Public School System in general, and to the Plaintiff, JANE DOE, in particular, to use reasonable care in the hiring, training, supervision and retention of its employees, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

31. At all material times, Defendant, DADE COUNTY SCHOOL BOARD, its agents, servants or employees, breached its duty of care owed to Plaintiff, JANE DOE, by committing one or more of the following negligent acts and/or omissions:

(a)  By failing to adopt and implement any or adequate policies and procedures prohibiting sexual harassment and abuse of students by teacher; and/or

(b)  By failing to promulgate and enforce corrective disciplinary procedures and regulations in instances of known or suspected sexual harassment and abuse of students by teachers; and/or

(c)  By failing to discipline or prosecute or in any manner deal with known instances of sexual harassment and abuse of students by teachers; and/or

(d)  By refusing to investigate complaints or allegations of previous incidents of sexual harassment and abuse of students by teachers; and/or

Page -8-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

(e)  By encouraging teachers employed by the DADE COUNTY SCHOOL BOARD, including ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, to believe that sexual relationships between teachers and students would be tolerated; and/or

(f)  By failing to maintain an adequate system of review of allegations of sexual harassment and abuse of students by teachers, which system has failed to identify instances of sexual harassment and abuse of students by teachers or to discipline, supervise or terminate teachers who in fact sexually harass and abuse students; and/or

(g)  By failing and/or refusing to prepare investigative reports involving allegations of sexual harassment and abuse of students by teachers; and/or

(h)  By issuing statements designed to discourage or intimidate students and/or their parents from pursuing complaints of sexual harassment and abuse against teachers; and/or

(i)  By preparing investigative reports designed to vindicate teachers in instances of alleged sexual harassment and abuse of students; and/or

(j)  By preparing investigative reports which omit factual information which contradicts the accounts of teachers alleged to have sexually harassed or abused students; and/or

(k)  By failing to review investigative reports by responsible supervisory officials for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts the evidence; and/or

(l)  By failing to adequately train its employees, including ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, in the law pertaining to the sexual harassment and abuse of students by teachers; and/or

(m)  By failing to properly supervise ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ; and/or

(n)  By failing to investigate ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, when Defendant, DADE COUNTY SCHOOL BOARD, knew or, in the exercise of reasonable care, should have known, that they were sexually harassing and abusing their students;

Page -9-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

and/or

(o)   By retaining ADAM NEHME, ALEJANDRO PACHECO and
      ROBERT DIAZ as teachers, when Defendant, DADE COUNTY
      SCHOOL BOARD, knew or, in the exercise of reasonable care,
      should have known, that they were sexually harassing and abusing
      their students; and/or

(p)   Was otherwise negligent in the hiring, training, supervision and
      retention of Defendants, ADAM NEHME, ALEJANDRO
      PACHECO and ROBERT DIAZ.

32.   Defendant, DADE COUNTY SCHOOL BOARD, its agents, servants or employees,

failed to exercise the required degree of care in the hiring, training, supervision and retention of its

employees, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT

DIAZ, as hereinabove alleged, and thereby encouraged a climate to flourish in which innocent young

girls were victimized and where Defendants, ADAM NEHME, ALEJANDRO PACHECO and

ROBERT DIAZ, could prey on young female students with impunity.

33.   As a direct and proximate result of the negligence of Defendant, DADE COUNTY

SCHOOL BOARD, as hereinabove alleged, Plaintiff, JANE DOE, suffered repeated and extremely

harmful acts of sexual abuse/harassment against her by Defendants, ADAM NEHME, ALEJANDRO

PACHECO and ROBERT DIAZ.

34.   As a further direct and proximate result of Defendant, DADE COUNTY SCHOOL

BOARD's, negligence, as hereinabove alleged, Plaintiff, JANE DOE, suffered permanent bodily

and psychological injury and resulting pain and suffering, disability, disfigurement, mental anguish,

loss of capacity for the enjoyment of life, the expense of medical and psychological care and

treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or

Page -10-

continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANE DOE, demands judgment for compensatory damages against Defendant, DADE COUNTY SCHOOL BOARD, together with reasonable attorney's fees and costs, interest, and such further, necessary and proper relief that the Court deems appropriate. Plaintiff further demands a trial by jury of all issues triable as a matter of right by jury.

Dated this 19ᵗʰ day of April, 2002.

> **GOLDFARB, GOLD, GONZALEZ & WALD, P.A.**
> *Attorneys for Plaintiff*
> 100 S.E. Second Street
> Suite #3900
> Miami, FL 33131
> Tel: (305) 371-3111
> Fax: (305) 577-8375
>
> By: _____
> Jonathan Wald
> Florida Bar No.:964603

H:\LIBRARY\Frenwick-Ross Ann\Pleadings\Misc\Complaint.wpd

Page -11-

(305) 876-3612                                    p.2
May 09 02 09:37a          Lois Peterson

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

JANE DOE,

     Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, a governmental agency
operating in Miami-Dade County, Florida,
ADAM NEHME, ALEJANDRO PACHECO
and ROBERT DIAZ,

     Defendants.

02-10411 CA30

*Attorney Services Inc.*
CIVIL ACTION SUMMONS
Served _____
Date May 4 Time 9:00 AM
___ Jose Espin
___ 303

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories and
Request for Production attached in this action on the Defendant:

**ALEJANDRO PACHECO**
**1001 Ibis Avenue**
**Miami Springs, FL  33166**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, whose
address is: **JONATHAN D. WALD, ESQ.,** *Goldfarb, Gold, Gonzalez & Wald, P.A.,* 100 S.E. 2nd
St., Bank of America Tower - Suite #3900, Miami, FL 33130 (Tel: 305-371-3111/Fax: 305-577-
8375).
within twenty (20) days after service of this summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the Complaint.

Clerk of the Courts,
CALEBRA SUTTON

APR 2 2 2002
APR 2 2 2002

By_____
     Deputy Clerk

**(SEE REVERSE SIDE)**

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:  **02-10411  CA 30**

JANE DOE,

        Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, a governmental agency
operating in Miami-Dade County, Florida, ADAM
NEHME, ALEJANDRO PACHECO and
ROBERT DIAZ,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANE DOE, by and through undersigned counsel, sues Defendants, THE SCHOOL

BOARD OF MIAMI-DADE COUNTY, FLORIDA ("DADE COUNTY SCHOOL BOARD"),

ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, and alleges:

### JURISDICTION

1.  This is an action for damages in an amount far in excess of this Court's minimum

jurisdictional limits, to wit: Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth

Amendment to the United States Constitution.

3.  Jurisdiction is founded on 28 U.S.C. §§1331 and 1343, 42 U.S.C. § 1983, and the

aforementioned constitutional provision.

Page -1-

## PARTIES

4.   At all material times, Plaintiff, JANE DOE, was a resident of Miami-Dade County, Florida and otherwise *sui juris*.

5.   At all material times, Defendant, DADE COUNTY SCHOOL BOARD, was and is a governmental agency operating in Miami-Dade County, Florida that employed Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, as teachers.   Defendant, DADE COUNTY SCHOOL BOARD, is a person within the meaning of 42 U.S.C. §1983.

6.   At all material times, Defendant, ADAM NEHME, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his employment under color of state law.   He is being sued individually and in his official capacity.

7.   At all material times, Defendant, ALEJANDRO PACHECO, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his employment under color of state law.   He is being sued individually and in his official capacity.

8.   At all material times, Defendant, ROBERT DIAZ, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his

Page -2-

employment under color of state law. He is being sued individually and in his official capacity.

9.   At all material times, Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, were acting under color of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the United States, the State of Florida and Miami Dade County pursuant to their authority as employees of Defendant, DADE COUNTY SCHOOL BOARD.

### FACTS COMMON TO ALL COUNTS

10.   In or about 1984, Defendant, ROBERT DIAZ, commenced work for Defendant, DADE COUNTY SCHOOL BOARD.

11.   In or about 1987, Defendant, ADAM NEHME, commenced work for Defendant, DADE COUNTY SCHOOL BOARD.

12.   In or about 1992, Defendant, ALEJANDRO PACHECO, commenced work for Defendant, DADE COUNTY SCHOOL BOARD.

13.   During the 2000-2001 academic year, Defendants, ROBERT DIAZ, ADAM NEHME and ALEJANDRO PACHECO, worked at Miami Springs Senior High School.

14.   During the 2000-2001 academic year, JANE DOE was enrolled as a student at Miami Springs Senior High School.

15.   In the fall of 2000, Defendant, ROBERT DIAZ, abused his position of power as JANE DOE's teacher/administrator by directing a series of inappropriate, sexually suggestive remarks toward her.

16.   On or about November 27, 2000, Defendants, ADAM NEHME and ALEJANDRO PACHECO, abused their power and authority as JANE DOE's teacher by luring JANE DOE into a classroom and simultaneously engaging in various sexual acts with JANE DOE. This illicit sexual

Page -3-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

behavior took place on school grounds during school hours.

17.    As a result of the harmful psychological effects of Defendants' conduct, JANE DOE dropped out of school at Miami Springs Senior High School.

### COUNT I AS TO ALL DEFENDANTS - VIOLATION OF 42 U.S.C. § 1983

Plaintiff adopts and re-alleges paragraphs 1-17 as if specifically set forth herein and further alleges:

18.    Acting under color of state law, and under their authority as JANE DOE's teacher, Defendants, ADAM NEHME and ALEJANDRO PACHECO, used physical force, threats of reprisal, intimidation and physical and psychological coercion to force JANE DOE to engage in various sexual acts with them. At the time of this extremely harmful sexual contact, JANE DOE was a minor.

19.    Acting under color of state law, and under his authority as JANE DOE's teacher, Defendant, ROBERT DIAZ, repeatedly directed psychologically damaging, sexually charged remarks toward JANE DOE. At the time of this extremely harmful sexual harassment, JANE DOE was a minor.

20.    The actions of Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, as set forth herein, deprived JANE DOE of the rights, privileges and immunities guaranteed to her by the Constitution of the United States and protected by 42 U.S.C. §1983, including but not limited to, the following:

(a)    The substantive due process right to be free from sexual abuse and violations of her bodily integrity protected by the 14th Amendment to the United States Constitution.

(b)    The substantive due process right to be free from invasions of her

Page -4-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

personal security through sexual and physical abuse by school teachers protected by the 14th Amendment to the United States Constitution.

(c)     The right and privilege not to be deprived of her life and liberty without due process and equal protection of the law.

21. At all material times, Defendant, DADE COUNTY SCHOOL BOARD, permitted, encouraged, tolerated and ratified a pattern and practice of sexual harassment and abuse of students by teachers in that:

(a)     DADE COUNTY SCHOOL BOARD failed to adopt and implement any or adequate policies and procedures prohibiting sexual harassment and abuse of students by teachers or to promulgate and enforce corrective disciplinary procedures and regulations in instances of known or suspected sexual harassment and abuse of students by teachers;

(b)     DADE COUNTY SCHOOL BOARD failed to discipline or prosecute or in any manner deal with known incidents of sexual harassment and abuse of students by teachers;

(c)     DADE COUNTY SCHOOL BOARD refused to investigate complaints or allegations of previous incidents of sexual harassment and abuse of students by teachers;

(d)     By means of both inaction and a cover-up of previous incidents of sexual harassment and abuse of students by teachers, DADE COUNTY SCHOOL BOARD encouraged teachers employed by them, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, to believe that sexual relationships between teachers and students would be tolerated.

22. Defendant, DADE COUNTY SCHOOL BOARD, has maintained an inadequate system of review of allegations of sexual harassment and abuse of students by teachers, which system has failed to identify instances of sexual harassment and abuse of students by teachers or to discipline, supervise or terminate teachers who in fact sexually harass and abuse students.

Page -5-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

23.  On information and belief, the systematic deficiencies include, but are not limited to:

(a)  Failure and/or refusal to prepare investigative reports involving allegations of sexual harassment and abuse of students by teachers;

(b)  Issuance of statements designed to discourage or intimidate students and/or their parents from pursuing complaints of sexual harassment and abuse against teachers;

(c)  Preparation of investigative reports designed to vindicate teachers in instances of alleged sexual harassment and abuse of students;

(d)  Preparation of investigative reports which uncritically rely solely on the word of teachers alleged to have sexually harassed and abused students and which systematically fail to credit testimony of students and other non-faculty witnesses;

(e)  Preparation of investigative reports which omit factual information which contradicts the accounts of teachers alleged to have sexually harassed or abused students;

(f)  Failure to review investigative reports by responsible supervisory officials for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts the evidence.

24.  Defendant, DADE COUNTY SCHOOL BOARD, also maintains a system of grossly inadequate training pertaining to the law of sexual harassment and abuse of students by teachers.

25.  The foregoing acts, omissions and systematic deficiencies are policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, manifesting deliberate indifference to incidents of known and/or suspected sexual abuse of students by teachers and to violation of JANE DOE's constitutional rights by Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.  Said policies and customs encouraged a climate to flourish in which young girls were victimized and where Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT

Page -6-

DIAZ, could prey on young girls with impunity.

26.   As a direct and proximate result of the aforesaid acts, omissions, systematic deficiencies, policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, Plaintiff, JANE DOE, suffered repeated and extremely harmful acts of sexual abuse against her by Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

27.   The aforementioned acts, omissions, systematic deficiencies, policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, acting under color of state law, directly and proximately resulted in the deprivation of rights secured to Plaintiff, JANE DOE, under the Constitution of the United States.

28.   As a further direct and proximate result of the civil rights violations alleged in his Complaint, Plaintiff, JANE DOE, suffered permanent bodily and psychological injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings and loss of ability to earn money.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANE DOE, demands judgment for compensatory damages against Defendants, DADE COUNTY SCHOOL BOARD, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, together with reasonable attorney's fees and costs as provided in 42 U.S.C. § 1988, pre-judgment and post-judgment interest, and such further, necessary and proper relief that the Court deems appropriate.  Plaintiff further demands a trial by jury of all issues triable as a matter of right by jury.

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

## COUNT II AGAINST DEFENDANT, DADE COUNTY SCHOOL BOARD:
## STATE LAW NEGLIGENCE CLAIM

Plaintiff adopts and re-alleges paragraphs 1-17 as if specifically set forth herein and further alleges:

29.   Plaintiff, JANE DOE,  has complied with the notice requirement of Florida Statutes §768.28 and all other conditions precedent to this action have been met or otherwise waived.

30.   At all material times, Defendant, DADE COUNTY SCHOOL BOARD, owed a duty to the students enrolled in the Miami-Dade County Public School System in general, and to the Plaintiff, JANE DOE, in particular, to use reasonable care in the hiring, training, supervision and retention of its employees, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

31.   At all material times, Defendant, DADE COUNTY SCHOOL BOARD, its agents, servants or employees, breached its duty of care owed to Plaintiff, JANE DOE, by committing one or more of the following negligent acts and/or omissions:

> (a)   By failing to adopt and implement any or adequate policies and procedures prohibiting sexual harassment and abuse of students by teacher; and/or
>
> (b)   By failing to promulgate and enforce corrective disciplinary procedures and regulations in instances of known or suspected sexual harassment and abuse of students by teachers; and/or
>
> (c)   By failing to discipline or prosecute or in any manner deal with known instances of sexual harassment and abuse of students by teachers; and/or
>
> (d)   By refusing to investigate complaints or allegations of previous incidents of sexual harassment and abuse of students by teachers; and/or

Page -8-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

(e)    By encouraging teachers employed by the DADE COUNTY SCHOOL BOARD, including ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, to believe that sexual relationships between teachers and students would be tolerated; and/or

(f)    By failing to maintain an adequate system of review of allegations of sexual harassment and abuse of students by teachers, which system has failed to identify instances of sexual harassment and abuse of students by teachers or to discipline, supervise or terminate teachers who in fact sexually harass and abuse students; and/or

(g)    By failing and/or refusing to prepare investigative reports involving allegations of sexual harassment and abuse of students by teachers; and/or

(h)    By issuing statements designed to discourage or intimidate students and/or their parents from pursuing complaints of sexual harassment and abuse against teachers; and/or

(i)    By preparing investigative reports designed to vindicate teachers in instances of alleged sexual harassment and abuse of students; and/or

(j)    By preparing investigative reports which omit factual information which contradicts the accounts of teachers alleged to have sexually harassed or abused students; and/or

(k)    By failing to review investigative reports by responsible supervisory officials for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts the evidence; and/or

(l)    By failing to adequately train its employees, including ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, in the law pertaining to the sexual harassment and abuse of students by teachers; and/or

(m)    By failing to properly supervise ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ; and/or

(n)    By failing to investigate ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, when Defendant, DADE COUNTY SCHOOL BOARD, knew or, in the exercise of reasonable care, should have known, that they were sexually harassing and abusing their students;

Page -9-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

and/or

(o)     By retaining ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ as teachers, when Defendant, DADE COUNTY SCHOOL BOARD, knew or, in the exercise of reasonable care, should have known, that they were sexually harassing and abusing their students; and/or

(p)     Was otherwise negligent in the hiring, training, supervision and retention of Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

32.   Defendant, DADE COUNTY SCHOOL BOARD, its agents, servants or employees, failed to exercise the required degree of care in the hiring, training, supervision and retention of its employees, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, as hereinabove alleged, and thereby encouraged a climate to flourish in which innocent young girls were victimized and where Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, could prey on young female students with impunity.

33.   As a direct and proximate result of the negligence of Defendant, DADE COUNTY SCHOOL BOARD, as hereinabove alleged, Plaintiff, JANE DOE, suffered repeated and extremely harmful acts of sexual abuse/harassment against her by Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

34.   As a further direct and proximate result of Defendant, DADE COUNTY SCHOOL BOARD's, negligence, as hereinabove alleged, Plaintiff, JANE DOE, suffered permanent bodily and psychological injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or

Page -10-

continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANE DOE, demands judgment for compensatory damages against Defendant, DADE COUNTY SCHOOL BOARD, together with reasonable attorney's fees and costs, interest, and such further, necessary and proper relief that the Court deems appropriate. Plaintiff further demands a trial by jury of all issues triable as a matter of right by jury.

Dated this _19th_ day of _April_, 2002.

> **GOLDFARB, GOLD, GONZALEZ & WALD, P.A.**
> *Attorneys for Plaintiff*
> 100 S.E. Second Street
> Suite #3900
> Miami, FL 33131
> Tel: (305) 371-3111
> Fax: (305) 577-8375
>
> By: _____
> Jonathan Wald
> Florida Bar No.:964603

H:\LIBRARY\Everswick.Rose Ann\Pleadings\Misc\Complaint.wpd

Page -11-

FROM : A NEHME                    FAX NO. : 305-826-2089           Apr. 25 2002 02:56PM  P1

RECEIVED APR 2 5 2002

3659

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:     02-10411  CA 30

JANE DOE,

      Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, a governmental agency
operating in Miami-Dade County, Florida,
ADAM NEHME, ALEJANDRO PACHECO
and ROBERT DIAZ,

      Defendants.

*[Stamp: Preceway Services Inc  CIVIL ACTION SUMMONS  Served ADAM NEHME  Date 4/24/02 Time 7:30PM  By Regina Salmeron  Clerk of the Circuit]*

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories and
Request for Production attached in this action on the Defendant:

**ADAM NEHME**
4100 Galt Ocean Drive-#205
Ft. Lauderdale, FL  33308

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, whose
address is: JONATHAN D. WALD, ESQ., *Goldfarb, Gold, Gonzalez & Wald, P.A.*, 100 S.E. 2nd
St., Bank of America Tower - Suite #3900, Miami, FL 33130 (Tel: 305-371-3111/Fax: 305-577-
8375),
within twenty (20) days after service of this summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the Complaint.

          Clerk of the Courts,

                    CALEBRA SUTTON

      By_____
              Deputy Clerk

**(SEE REVERSE SIDE)**

FROM : A NEHME                    FAX NO. : 305-826-2089              Apr. 25 2002 02:57PM  P2

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 02-14411  CA 00

3659

RECEIVED APR 2 5 2002

JANE DOE,

      Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, a governmental agency
operating in Miami-Dade County, Florida, ADAM
NEHME, ALEJANDRO PACHECO and
ROBERT DIAZ,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, JANE DOE, by and through undersigned counsel, sues Defendants, THE SCHOOL

BOARD OF MIAMI-DADE COUNTY, FLORIDA ("DADE COUNTY SCHOOL BOARD"),

ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, and alleges:

### JURISDICTION

    1.   This is an action for damages in an amount far in excess of this Court's minimum

jurisdictional limits, to wit: Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

    2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth

Amendment to the United States Constitution.

    3.   Jurisdiction is founded on 28 U.S.C. §§1331 and 1343, 42 U.S.C. § 1983, and the

aforementioned constitutional provision.

Page -1-

## PARTIES

*3659*

4.   At all material times, Plaintiff, JANE DOE, was a resident of Miami-Dade County, Florida and otherwise *sui juris*.

5.   At all material times, Defendant, DADE COUNTY SCHOOL BOARD, was and is a governmental agency operating in Miami-Dade County, Florida that employed Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, as teachers   Defendant, DADE COUNTY SCHOOL BOARD, is a person within the meaning of 42 U.S.C. §1983.

6.   At all material times, Defendant, ADAM NEHME, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his employment under color of state law.  He is being sued individually and in his official capacity.

7.   At all material times, Defendant, ALEJANDRO PACHECO, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his employment under color of state law.  He is being sued individually and in his official capacity.

8.   At all material times, Defendant, ROBERT DIAZ, was and is a resident of Miami-Dade County, Florida, employed by Defendant, DADE COUNTY SCHOOL BOARD, as a teacher at Miami Springs Senior High School, acting in such capacity as the agent, servant and employee of Defendant, DADE COUNTY SCHOOL BOARD, and acting within the course and scope of his

Page -2-

RECEIVED APR 2 5 2002

3659

employment under color of state law.  He is being sued individually and in his official capacity.

9.    At all material times, Defendants, ADAM NEHME, ALEJANDRO PACHECO and

ROBERT DIAZ, were acting under color of law, to wit: under color of the statutes, ordinances,

regulations, customs and usages of the United States, the State of Florida and Miami Dade County

pursuant to their authority as employees of Defendant, DADE COUNTY SCHOOL BOARD.

## FACTS COMMON TO ALL COUNTS

10.    In or about 1984, Defendant, ROBERT DIAZ, commenced work for Defendant,

DADE COUNTY SCHOOL BOARD.

11.    In or about 1987, Defendant, ADAM NEHME, commenced work for Defendant,

DADE COUNTY SCHOOL BOARD.

12.    In or about 1992, Defendant, ALEJANDRO PACHECO, commenced work for

Defendant, DADE COUNTY SCHOOL BOARD.

13.    During the 2000-2001 academic year, Defendants, ROBERT DIAZ, ADAM NEHME

and ALEJANDRO PACHECO, worked at Miami Springs Senior High School.

14.    During the 2000-2001 academic year, JANE DOE was enrolled as a student at Miami

Springs Senior High School.

15.    In the fall of 2000, Defendant, ROBERT DIAZ, abused his position of power as JANE

DOE's teacher/administrator by directing a series of inappropriate, sexually suggestive remarks

toward her.

16.    On or about November 27, 2000, Defendants, ADAM NEHME and ALEJANDRO

PACHECO,  abused their power and authority as JANE DOE's teacher by luring JANE DOE into

a classroom and simultaneously engaging in various sexual acts with JANE DOE. This illicit sexual

Page -3-

RECEIVED APR 2 5 2002

FROM : A NEHME                    FAX NO. : 305-826-2089            Apr. 25 2002 03:21PM P1

3659

behavior took place on school grounds during school hours.

17.    As a result of the harmful psychological effects of Defendants' conduct, JANE DOE dropped out of school at Miami Springs Senior High School.

## COUNT I AS TO ALL DEFENDANTS - VIOLATION OF 42 U.S.C. § 1983

Plaintiff adopts and re-alleges paragraphs 1-17 as if specifically set forth herein and further alleges:

18.    Acting under color of state law, and under their authority as JANE DOE's teacher, Defendants, ADAM NEHME and ALEJANDRO PACHECO, used physical force, threats of reprisal, intimidation and physical and psychological coercion to force JANE DOE to engage in various sexual acts with them.  At the time of this extremely harmful sexual contact, JANE DOE was a minor.

19.    Acting under color of state law, and under his authority as JANE DOE's teacher, Defendant, ROBERT DIAZ, repeatedly directed psychologically damaging, sexually charged remarks toward JANE DOE.  At the time of this extremely harmful sexual harassment, JANE DOE was a minor.

20.    The actions of Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, as set forth herein, deprived JANE DOE of the rights, privileges and immunities guaranteed to her by the Constitution of the United States and protected by 42 U.S.C. §1983, including but not limited to, the following:

(a)    The substantive due process right to be free from sexual abuse and violations of her bodily integrity protected by the 14th Amendment to the United States Constitution.

(b)    The substantive due process right to be free from invasions of her

Page -4-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3800, MIAMI, FLORIDA 33131

personal security through sexual and physical abuse by school teachers protected by the 14th Amendment to the United States Constitution.

(c)    The right and privilege not to be deprived of her life and liberty without due process and equal protection of the law.

21.    At all material times, Defendant, DADE COUNTY SCHOOL BOARD, permitted, encouraged, tolerated and ratified a pattern and practice of sexual harassment and abuse of students by teachers in that:

(a)    DADE COUNTY SCHOOL BOARD failed to adopt and implement any or adequate policies and procedures prohibiting sexual harassment and abuse of students by teachers or to promulgate and enforce corrective disciplinary procedures and regulations in instances of known or suspected sexual harassment and abuse of students by teachers;

(b)    DADE COUNTY SCHOOL BOARD failed to discipline or prosecute or in any manner deal with known incidents of sexual harassment and abuse of students by teachers;

(c)    DADE COUNTY SCHOOL BOARD refused to investigate complaints or allegations of previous incidents of sexual harassment and abuse of students by teachers;

(d)    By means of both inaction and a cover-up of previous incidents of sexual harassment and abuse of students by teachers, DADE COUNTY SCHOOL BOARD encouraged teachers employed by them, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, to believe that sexual relationships between teachers and students would be tolerated.

22.    Defendant, DADE COUNTY SCHOOL BOARD, has maintained an inadequate system of review of allegations of sexual harassment and abuse of students by teachers, which system has failed to identify instances of sexual harassment and abuse of students by teachers or to discipline, supervise or terminate teachers who in fact sexually harass and abuse students.

Page -5-

23. On information and belief, the systematic deficiencies include, but are not limited to:

    (a)    Failure and/or refusal to prepare investigative reports involving allegations of sexual harassment and abuse of students by teachers;

    (b)    Issuance of statements designed to discourage or intimidate students and/or their parents from pursuing complaints of sexual harassment and abuse against teachers;

    (c)    Preparation of investigative reports designed to vindicate teachers in instances of alleged sexual harassment and abuse of students;

    (d)    Preparation of investigative reports which uncritically rely solely on the word of teachers alleged to have sexually harassed and abused students and which systematically fail to credit testimony of students and other non-faculty witnesses;

    (e)    Preparation of investigative reports which omit factual information which contradicts the accounts of teachers alleged to have sexually harassed or abused students;

    (f)    Failure to review investigative reports by responsible supervisory officials for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts the evidence.

24. Defendant, DADE COUNTY SCHOOL BOARD, also maintains a system of grossly inadequate training pertaining to the law of sexual harassment and abuse of students by teachers.

25. The foregoing acts, omissions and systematic deficiencies are policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, manifesting deliberate indifference to incidents of known and/or suspected sexual abuse of students by teachers and to violation of JANE DOE's constitutional rights by Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ. Said policies and customs encouraged a climate to flourish in which young girls were victimized and where Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT

Page -6-

DIAZ, could prey on young girls with impunity.

26. As a direct and proximate result of the aforesaid acts, omissions, systematic deficiencies, policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, Plaintiff, JANE DOE, suffered repeated and extremely harmful acts of sexual abuse against her by Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

27. The aforementioned acts, omissions, systematic deficiencies, policies and customs of Defendant, DADE COUNTY SCHOOL BOARD, acting under color of state law, directly and proximately resulted in the deprivation of rights secured to Plaintiff, JANE DOE, under the Constitution of the United States.

28. As a further direct and proximate result of the civil rights violations alleged in his Complaint, Plaintiff, JANE DOE, suffered permanent bodily and psychological injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANE DOE, demands judgment for compensatory damages against Defendants, DADE COUNTY SCHOOL BOARD, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, together with reasonable attorney's fees and costs as provided in 42 U.S.C. § 1988, pre-judgment and post-judgment interest, and such further, necessary and proper relief that the Court deems appropriate. Plaintiff further demands a trial by jury of all issues triable as a matter of right by jury.

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

## COUNT II AGAINST DEFENDANT, DADE COUNTY SCHOOL BOARD: STATE LAW NEGLIGENCE CLAIM

Plaintiff adopts and re-alleges paragraphs 1-17 as if specifically set forth herein and further alleges:

29.   Plaintiff, JANE DOE, has complied with the notice requirement of Florida Statutes §768.28 and all other conditions precedent to this action have been met or otherwise waived.

30.   At all material times, Defendant, DADE COUNTY SCHOOL BOARD, owed a duty to the students enrolled in the Miami-Dade County Public School System in general, and to the Plaintiff, JANE DOE, in particular, to use reasonable care in the hiring, training, supervision and retention of its employees, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

31.   At all material times, Defendant, DADE COUNTY SCHOOL BOARD, its agents, servants or employees, breached its duty of care owed to Plaintiff, JANE DOE, by committing one or more of the following negligent acts and/or omissions:

     (a)   By failing to adopt and implement any or adequate policies and procedures prohibiting sexual harassment and abuse of students by teacher; and/or

     (b)   By failing to promulgate and enforce corrective disciplinary procedures and regulations in instances of known or suspected sexual harassment and abuse of students by teachers; and/or

     (c)   By failing to discipline or prosecute or in any manner deal with known instances of sexual harassment and abuse of students by teachers; and/or

     (d)   By refusing to investigate complaints or allegations of previous incidents of sexual harassment and abuse of students by teachers; and/or

Page -8-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

(e) By encouraging teachers employed by the DADE COUNTY SCHOOL BOARD, including ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, to believe that sexual relationships between teachers and students would be tolerated; and/or

(f) By failing to maintain an adequate system of review of allegations of sexual harassment and abuse of students by teachers, which system has failed to identify instances of sexual harassment and abuse of students by teachers or to discipline, supervise or terminate teachers who in fact sexually harass and abuse students; and/or

(g) By failing and/or refusing to prepare investigative reports involving allegations of sexual harassment and abuse of students by teachers; and/or

(h) By issuing statements designed to discourage or intimidate students and/or their parents from pursuing complaints of sexual harassment and abuse against teachers; and/or

(i) By preparing investigative reports designed to vindicate teachers in instances of alleged sexual harassment and abuse of students; and/or

(j) By preparing investigative reports which omit factual information which contradicts the accounts of teachers alleged to have sexually harassed or abused students; and/or

(k) By failing to review investigative reports by responsible supervisory officials for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradicts the evidence; and/or

(l) By failing to adequately train its employees, including ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, in the law pertaining to the sexual harassment and abuse of students by teachers; and/or

(m) By failing to properly supervise ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ; and/or

(n) By failing to investigate ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, when Defendant, DADE COUNTY SCHOOL BOARD, knew or, in the exercise of reasonable care, should have known, that they were sexually harassing and abusing their students;

Page -9-

and/or

(o) By retaining ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ as teachers, when Defendant, DADE COUNTY SCHOOL BOARD, knew or, in the exercise of reasonable care, should have known, that they were sexually harassing and abusing their students; and/or

(p) Was otherwise negligent in the hiring, training, supervision and retention of Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

32. Defendant, DADE COUNTY SCHOOL BOARD, its agents, servants or employees, failed to exercise the required degree of care in the hiring, training, supervision and retention of its employees, including Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, as hereinabove alleged, and thereby encouraged a climate to flourish in which innocent young girls were victimized and where Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ, could prey on young female students with impunity.

33. As a direct and proximate result of the negligence of Defendant, DADE COUNTY SCHOOL BOARD, as hereinabove alleged, Plaintiff, JANE DOE, suffered repeated and extremely harmful acts of sexual abuse/harassment against her by Defendants, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ.

34. As a further direct and proximate result of Defendant, DADE COUNTY SCHOOL BOARD's, negligence, as hereinabove alleged, Plaintiff, JANE DOE, suffered permanent bodily and psychological injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of medical and psychological care and treatment, loss of earnings and loss of ability to earn money. The losses are either permanent or

Page -10-

GOLDFARB, GOLD, GONZALEZ & WALD, P.A.
100 SOUTHEAST 2ND STREET, SUITE 3900, MIAMI, FLORIDA 33131

continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, JANE DOE, demands judgment for compensatory damages against Defendant, DADE COUNTY SCHOOL BOARD, together with reasonable attorney's fees and costs, interest, and such further, necessary and proper relief that the Court deems appropriate. Plaintiff further demands a trial by jury of all issues triable as a matter of right by jury.

Dated this _19th_ day of _April_, 2002.

> **GOLDFARB, GOLD, GONZALEZ & WALD, P.A.**
> *Attorneys for Plaintiff*
> 100 S.E. Second Street
> Suite #3900
> Miami, Fl. 33131
> Tel: (305) 371-3111
> Fax: (305) 577-8375
>
> By: _____
>     Jonathan Wald
>     Florida Bar No.:964603

H:\LIBRARY\Everglade Root s\us\Pleadings\Misc\Complaint.wpd

Page -11-

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:   02-10411 CA 30

JANE DOE,

     Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA, a governmental agency
operating in Miami-Dade County, Florida,
ADAM NEHME, ALEJANDRO PACHECO
and ROBERT DIAZ,

     Defendants.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

COME NOW the Defendants, THE SCHOOL BOARD OF MIAMI-DADE COUNTY,

FLORIDA, ADAM NEHME and ALEJANDRO PACHECO, by and through their undersigned

counsel, and hereby give Notice of Filing Notice of Removal, removing the above styled

case, Case No. 02-10411 CA 30, from the Circuit Court of the Eleventh Judicial Circuit in

and for Miami-Dade County, Florida, to the United States District Court for the Southern

District of Florida, Miami Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished to: **Jonathan D. Wald, Esquire,** Attorneys for Plaintiff, Goldfarb, Gold, Gonzalez

-2-                    CASE NO.: 02-10411 CA 30

& Wald, 3900 Bank of America Tower, 100 S.E. Second Street, Miami, Florida 33131,(305)

577-8375, **Brian R. Hersh, Esquire,** Attorneys for Nehme,19 West Flagler Street, Suite

602, Biscayne Building, Miami, Florida 33130, (305) 371-2413, **Jeffrey E. Feiler, Esquire,**

Attorneys for Pacheco, 7685 S.W. 104th Street, Suite 200, Miami, Florida  33156,  (305)

669-8198, by mail on May __9__, 2002.

                    PYSZKA, BLACKMON, LEVY, MOWERS & KELLEY
                    Attorneys for SCHOOL BOARD
                    14750 N.W. 77th Court
                    Suite 300
                    Miami Lakes, FL 33016
                    Telephone:   (305) 512-3737
                    Facsimile:    (305) 512-1253


                    By: _____
                         JEFFREY A. MOWERS
                         Florida Bar No. 508240

H:\LIB\DOCS\116522\C48585.WPD

(Rev. 12/96)

# CIVIL COVER SHEET 02 21422

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

JANE DOE,

**DEFENDANTS** CIV-KING

THE SCHOOL BOARD OF MIAMI-DADE COUNTY, FLORIDA, ADAM NEHME, ALEJANDRO PACHECO and ROBERT DIAZ,

MAGISTRATE JUDGE O'SULLIVAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

BKdx-09-02  02w21422 /KING o'sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Goldfarb, Gold, Gonzalez & Wald, P.A.
100 SE 2nd Street, #3900, Miami, FL 33131
(305) 371-3111

ATTORNEYS (IF KNOWN)  Jeffrey A. Mowers
Pyszka, Blackmon, Levy, Mowers & Kelley
14750 NW 77th Court, #300, Miami Lakes, FL 33016
(305) 512-3737

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☒ 444 Welfare | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Complaint alleges Defendants violated Plaintiff's 14th amendment right pursuant to 42 USC section 1983

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE

DOCKET NUMBER

DATE  5/9/02

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

$150.00   862562
05/10/02